Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Marlene M. Moffitt CA Bar No. 223658
marlene.moffitt@ogletree.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:  858.652.3100
Facsimile:   858.652.3101

Attorneys for Defendants World Financial Group Insurance Agency, Inc., World Financial Group, Inc., and Transamerica Financial Advisors Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMEH ABTAHI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORLD FINANCIAL GROUP, INSURANCE AGENCY, INC. a California Corporation, d/b/a WORLD FINANCIAL AGENCY, INC. WORLD FINANCIAL GROUP, INC., a California Corporation, TRANSAMERICA FINANCIAL ADVISORS INC., a California Corporation and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **'19CV306 BEN WVG**<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Class Action Fairness Act, 28 U.S.C. § 1332(d)] |

Defendants World Financial Group, Inc. ("WFG"), World Financial Group Insurance Agency, Inc. ("WFGIA"), and Transamerica Financial Advisors, Inc. ("TFA") (collectively "Defendants") remove this action from the San Diego County Superior Court to the Southern District of California under 28 U.S.C. § 1332(d) (Class Action Fairness Act ["CAFA"]). Removal is proper because: (1) Plaintiff and other members of the putative class are citizens of a state different from any defendant; (2) the number of members of the putative class is over 100; and (3) the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. All CAFA requirements are satisfied.

## I. STATE COURT ACTION

1. Plaintiff Fatemeh Abtahi filed a Class Action Complaint ("Complaint") on December 28, 2018 in the San Diego County Superior Court ("Action"), Case No. 37-2018-00065683-CU-OE-CTL. (Skeen Decl., ¶ 2.) A copy of the Class Action Complaint is attached as **Exhibit 1**.

2. Defendants have not been served with the Complaint. (Skeen Decl., ¶ 2.)

3. Defendants filed an Answer to the Complaint on February 8, 2019 (Skeen Decl., ¶ 2.) A copy of the Answer is attached as **Exhibit 2**.

## II. REMOVAL IS TIMELY

4. Given Defendants have not been served with the Complaint, their deadline to remove has not been triggered. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This Notice of Removal is timely.

## III. REMOVAL IS PROPER UNDER CAFA

5. Removal is proper given Plaintiff's allegations and claims. The Complaint asserts these claims on a class basis: (1) unlawful deductions and failure to indemnify: (2) failure to pay minimum wages; (3) failure to properly pay overtime; (4) failure to provide lawful meal periods; (5) failure to authorize and permit lawful paid rest periods; (6) failure to timely pay wages owed each pay period; (7) failure to pay all wages due upon separation; (8) failure to furnish timely and accurate itemized wage

statements; and (9) violation of Business and Professions Code §§ 17200 et seq. (Ex. 1 [Complaint].)

6. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of the proposed class is over 100 in the aggregate; and where the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

7. This Court has jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from at least one defendant; the number of potential class members is over 100; and the matter in controversy exceeds $5 million, exclusive of interest and costs.

**A.  CAFA's Diversity of Citizenship Requirement Is Satisfied**

8. CAFA's diversity requirement is satisfied "so long as 'any member of a class of plaintiffs is a citizen of a state different from any defendant.'" *Bradford v. Bank of Am. Corp.,* No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015); citing, *California v. InelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014); 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b).

9. At all relevant times, Plaintiff was citizen of California. (Ex. 1 [Complaint], ¶ 9.)

10. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and the state where it has its principal place of business." The Supreme Court established the proper test for determining a corporation's principal place of business for diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at p. 1184. It is the place where the corporation "maintains

its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

11. At all relevant times, WFG has been a corporation organized under the laws of Delaware with its principal place of business in Georgia. WFG's is headquartered in Georgia and its core executive and administrative functions have occurred there. (Schaad Decl., ¶ 2.) See also Ex. 1 [Complaint], ¶ 11.

12. At all relevant times, WFGIA has had its principal place of business in Georgia. WFGIA's is headquartered in Georgia and its core executive and administrative functions have occurred there. (Schaad Decl., ¶ 3.) See also Ex. 1 [Complaint], ¶ 12.

13. At all relevant times, TFA has been a corporation organized under the laws of Delaware with its principal place of business in Florida. TFA is headquartered in Florida and its core executive and administrative functions have occurred there. (Trivers Decl., ¶ 2.) See also Ex. 1 [Complaint], ¶ 16.

**B.  CAFA's Class Size Requirement Is Satisfied**

14. Plaintiff defines the Class Period as "the period of four years prior to the original filing of the complaint to the date of judgment in this action." (Ex. 1 [Complaint], ¶ 88.)

15. From December 28, 2014, through the date of this Notice of Removal, WFG contracted with more than 100 putative class members. (Schaad Decl., ¶ 5.)[1]

**C.  CAFA's Amount in Controversy Requirement Is Satisfied**

16. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

17. The "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a

---

[1] By making this statement, Defendants in no way concede they employed Plaintiff or any of the putative class members in the Action, directly or jointly, and do not concede in any way that Plaintiff's allegations in the Complaint are accurate.

plaintiff's] proposed class and determine whether the resulting sum exceeds [$5 million]." *Standard Fire Insurance Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). For removal, "[t]he court accepts the allegations in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (citing *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012)).

### 1. <u>Waiting Time Penalties</u>

18. Plaintiff seeks waiting time penalties under California Labor Code § 203 on behalf of herself and "the sales associates who are no longer employed by Defendants." (Ex. 1 [Complaint], ¶ 157.)

19. California Labor Code § 203 provides that "[i]f an employer willfully fails to pay… any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

20. A three-year statutory period applies to Plaintiff's claim for waiting time penalties. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010).

21. From December 28, 2015, through the date of this Notice of Removal, at least 42,600 putative class members terminated their agreement with WFG. (Schaad Decl., ¶ 6.) Thus, the amount in controversy for waiting time penalties is at least **$92,016,000** ($9.00 x 8 hours x 30 days x 42,600 putative class members = $92,016,000).[2]

---

[2] In alleging the amount in controversy, Defendants do not concede in any way that Plaintiff's allegations are accurate, or that Plaintiff or the putative class members are entitled to any monetary relief. Defendants do not concede that any putative class members are appropriately included in the Action.

### 2. Summary

22. Even excluding Plaintiff's other claims for failure to pay minimum wages and overtime wages, wage statement violations, meal and rest period violations, and attorney fees, Plaintiff's allegations easily satisfy the $5 million threshold for purposes of removal under CAFA. Even the most conservative of estimated recoveries for Plaintiff's additional claims pushes the amount in controversy even further over the $5 million threshold.

## IV. VENUE IS PROPER IN THIS COURT

23. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the District Court in which the Action is pending. The Superior Court for the County of San Diego is within the Southern District of California. (28 U.S.C. § 84(d).) Therefore, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. (28 U.S.C. § 1441(a).)

24. Under 28 U.S.C. §1446(a), this Notice of Removal is accompanied by the Declarations of Andrew Schaad, Daniel Trivers, and Spencer C. Skeen, and Exhibits 1 and 2, which constitute a copy of all processes, pleadings, and orders provided to Defendants.

25. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as Defendants have not been served with the Complaint. (Skeen Decl. ¶ 2.)

26. As required by 28 U.S.C. §1446(d), Defendants provided Notice of Removal to Plaintiff through her attorneys of record.

27. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Diego.

28. If this Court has a question regarding the propriety of this Notice of Removal, Defendants request it issue an Order to Show Cause so it may have an opportunity to more fully brief the grounds for this removal

## V.  CONCLUSION

For the foregoing reasons, Defendants remove the above-entitled action to the United States District Court for the Southern District of California.

DATED: February 12, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Spencer C. Skeen*
Spencer C. Skeen
Marlene M. Moffitt
Tim L. Johnson
Attorneys for Defendants
World Financial Group Insurance Agency, Inc.
World Financial Group, Inc., and
Transamerica Financial Advisors Inc.

37231991.2