**'19CV306  BEN WVG**

1   Spencer C. Skeen, CA Bar No. 182216
    spencer.skeen@ogletree.com
2   Marlene M. Moffitt, CA Bar No. 223658
    marlene.moffitt@ogletree.com
3   Tim L. Johnson, CA Bar No. 265794
    tim.johnson@ogletree.com
4   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    4370 La Jolla Village Drive, Suite 990
5   San Diego, CA  92122
    Telephone:    858.652.3100
6   Facsimile:    858.652.3101

7   Attorneys for Defendants WORLD FINANCIAL
    GROUP INSURANCE AGENCY, INC.,
8   WORLD FINANCIAL GROUP, INC., and
    TRANSAMERICA FINANCIAL ADVISORS, INC.

9
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                    **FOR THE COUNTY OF SAN DIEGO**
11

12  FATEMEH ABTAHI, on behalf of herself and    Case No. 37-2018-00065683-CU-OE-CTL
    all others similarly situated,
13                                              *[Assigned for all purposes to The Honorable*
                Plaintiff,                      *Richard E. L. Strauss, Dept. C-75]*
14
        vs.                                     **DEFENDANTS' ANSWER TO**
15                                              **PLAINTIFF'S CLASS ACTION**
    WORLD FINANCIAL GROUP, INSURANCE           **COMPLAINT**
16  AGENCY, INC. a California Corporation, d/b/a
    WORLD FINANCIAL AGENCY, INC.                Action Filed: December 28, 2018
17  WORLD FINANCIAL GROUP, INC., a              Trial Date: None set
    California Corporation, TRANSAMERICA
18  FINANCIAL ADVISORS INC., a California
    Corporation and DOES 1 through 25, inclusive,
19
                Defendants.
20

21      Defendants WORLD FINANCIAL GROUP, INC., WORLD FINANCIAL GROUP

22  INSURANCE AGENCY, INC., and TRANSAMERICA FINANCIAL ADVISORS, INC.

23  ("Defendants") answer Plaintiff's unverified Class Action Complaint ("Complaint"):

24                          **GENERAL DENIAL**

25      Under Code of Civil Procedure § 431.30(d), Defendants deny specifically and generally each

26  allegation contained in the Complaint, and further deny Plaintiff or the putative class suffered any

27  injuries or damages of any kind attributable to Defendants.

28  ///

                                    1

## AFFIRMATIVE DEFENSES

Defendants assert these affirmative defenses, the applicability of which will be determined through the course of investigation and discovery. These affirmative defenses, unless otherwise indicated, are being asserted as to each allegation in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Defendants contend the Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Defendants contend the claims of Plaintiff are barred by applicable statutes of limitation including, but not limited to, Code of Civil Procedure §§ 338, 339, 340, and 343; Business and Professions Code section 17208; and any other applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

#### (Independent Contractors)

The claims in the Complaint are barred because Plaintiff and the putative class, as independent contractors, were at all times exempt from the provisions of the California Labor Code, from the Wage Orders of California's Industrial Welfare Commission, and/or from any other applicable law.

### FOURTH AFFIRMATIVE DEFENSE

#### (Exempt)

The claims in the Complaint are barred because, even if Plaintiff and/or the putative class were employees of Defendants (which Defendants deny), Plaintiff and the putative class were at all times exempt under various exemptions, including, but not limited to, the Outside Sales Exemption, the Executive Exemption, and/or the Administrative Exemption.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff and/or the putative class, through their actions and representations, led Defendants to believe they were properly paid

1  and received all wages (assuming Plaintiff and/or putative class members were employees of

2  Defendants, which Defendants deny) and other payments to which they were legally entitled.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches, Release, Res Judicata)

The claims in the Complaint are barred under the doctrines of waiver, estoppel, and laches. Plaintiff and/or the putative class have unreasonably delayed in asserting their causes of action after knowing of the injuries alleged in the Complaint. Defendants neither knew nor had reason to know of the alleged acts and omissions complained of in this case. Plaintiff and/or the putative class failed to provide such notice and, therefore, are barred from bringing their claims. The claims are also barred to the extent Plaintiff and/or the putative class released Defendants from liability for the claims alleged in the Complaint. Furthermore, the claims and issues are barred to the extent they have been litigated and adjudicated.

### SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Grounds)

The claims in the Complaint are barred, in whole or in part, because Defendants had reasonable grounds for believing their actions did not violate the law.

### EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

The claims in the Complaint are barred because Plaintiff and/or the putative class consented and agreed to the conduct about which they now complain.

### NINTH AFFIRMATIVE DEFENSE

### (No Wage Statement Claim)

Any recovery on the Complaint with respect to the allegations of Defendants' failure to furnish itemized statements during the applicable pay period is barred because of the independent contractor status and exempt status of Plaintiff and the putative class (assuming Plaintiff and/or putative class members were employees of Defendants, which Defendants deny). Further, the claims in the Complaint are barred to the extent Plaintiff and/or the putative class were not injured by such wage statements.

3

ANSWER TO CLASS ACTION COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**

**(Excuse)**

The claims in the Complaint are barred, in whole or in part because Defendants' acts and/or omissions were excused.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Reimbursement Claim)**

The Complaint fails to properly state a claim for expense reimbursement under the California Labor Code because, even if Plaintiff and/or the putative class were employees of Defendants (which Defendants deny), Plaintiff and/or the putative class failed to submit to Defendants any proof or documents showing that any alleged expenditures or losses were necessarily incurred by Plaintiff and/or the putative class in the direct consequence of the discharge of their duties. Additionally, assuming, *arguendo*, that Plaintiff and/or the putative class are entitled to reimbursement for business expenses, any recovery on the Complaint with respect to their claim under the California Labor Code is barred because the amounts paid to them included and exceeded amounts purportedly owed for reimbursable business expenses.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Wages Due and Owing)**

The claim in the Complaint for penalties must fail to the extent that no wages were due and owing to Plaintiff and/or the putative class at the times material to their allegations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Damages/Failure to Mitigate)**

Defendants allege Plaintiff and/or the putative class have suffered no damages because of any alleged act or omission of Defendants, and even had Plaintiff and/or the putative class suffered damages or injuries, all or some portion of the damages or injuries were caused or attributable to the failure of the Plaintiff and/or the putative class to take reasonable action to mitigate said damages or injuries, if any.

///

///

ANSWER TO CLASS ACTION COMPLAINT　　　Exhibit 2, Page 5 of 14

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

Defendants allege without conceding any wages and/or monies due or any employment relationship with Plaintiff and/or the putative class, there exists a good faith dispute regarding the payment of wages and/or monies. Therefore, penalties are not warranted under the Labor Code.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Indemnification and Contribution)

Under the independent contractor agreements, Plaintiff and/or the putative class expressly agreed to indemnify Defendants for the claims in the Complaint and contribute to any damages awarded.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Defendants allege their obligations to Plaintiff and/or the putative class are unenforceable because there has been an accord and satisfaction. Cal. Civ. Code §§ 1521-1523.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Defendants allege Plaintiff and/or the putative class have an adequate remedy at law. Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Standing)

Defendants allege Plaintiff and/or the putative class have no standing to bring some or all of the claims. Plaintiff is not adequate class representatives nor does she have claims typical of the putative class. Plaintiff and/or the putative class also executed arbitration agreements that do not permit them to bring claims on a class-wide basis. Additionally, Defendants did not employ Plaintiff and/or the putative class. Therefore, Plaintiff and/or the putative class do not have standing to assert claims against Defendants.

///

///

## NINETEENTH AFFIRMATIVE DEFENSE

### (Not Willful or Intentional)

Plaintiff and/or the putative class are not entitled to any penalty award under any section of the California Labor Code because, at all relevant times, Defendants did not willfully, knowingly, or intentionally violate the compensation or other provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing they did not violate those provisions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Off-Set and Recoupment)

Defendants are informed and believe and thereon allege that the Complaint is barred as against Defendants as the amounts claimed are overstated or are subject to off-set and recoupment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Compliance with Law)

Defendants allege that any recovery on the Complaint, or any cause of action contained therein, may be barred by Defendants' compliance or substantial compliance with all applicable laws underlying claims of Plaintiff and/or the putative class on any alleged unfair or unlawful business practices under Business & Professions Code § 17200. Defendants' business practices were not unfair or unlawful within the meaning of Business & Professions Code § 17200.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Benefits Outweigh Impact)

Defendants are informed and believe and upon such information and belief allege that any recovery on the Complaint or any claim for relief therein is barred because the benefits of the alleged unfair business practices outweigh whatever particular harm or impact it may cause to an alleged victim and therefore the business practice is not unfair under Business & Professions Code §§ 17200, et seq.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Intent to Injure)

Defendants are informed and believe and upon such information and belief allege that Defendants had no intent to injure competitors or destroy competition, and no actual damages and/or

ANSWER TO CLASS ACTION COMPLAINT       Exhibit 2, Page 7 of 14

losses were suffered, and therefore, they may not be held liable under Business and Professions Code §§ 17200, et seq.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

Defendants are informed and believe and upon such information and belief allege that the claims are barred by reason of the fact Plaintiff and/or members of the putative class have engaged in acts and courses of conduct which rendered Plaintiff and/or members of the putative class in pari delicto.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

Defendants allege that any recovery on the Complaint, or any cause of action contained therein, may be barred by the Business Judgment Rule applicable to claims of unlawful business practices under Business & Professions Code § 17200.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Due Process and Equal Protection)

Any finding of liability pursuant to Business and Professions Code §§ 17200, et seq., would violate the Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under California's Unfair Competition Law are unduly vague and subjective.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (De Minimis Doctrine)

Without conceding there is any purported employment relationship, Defendants allege Plaintiff's claims are barred in whole or in part because, even if Plaintiff and/or the putative class were not paid for all work performed, such work is not compensable under the *de minimis* doctrine. Under this doctrine, an employer does not have to pay for insubstantial or insignificant periods of purported off-the-clock work.

///

///

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Arbitration Agreements)

This putative class action may not be litigated in a judicial forum because members of the putative class are subject to mandatory, final, and binding arbitration agreements.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Preemption)

Defendants allege the claims in the Complaint are preempted to the extent the state law claims set forth therein conflict with FINRA and/or any other applicable federal law.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Claims Not Representative of Class)

Defendants allege this suit may not be properly maintained as a class action because: (1) Plaintiff cannot establish the procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of claims set forth in the Complaint; (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not proper a class representative; (6) the named Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; and/or (9) the alleged putative class is not ascertainable, nor are its members identifiable.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Employment Relationship)

The claims by Plaintiff and/or the putative class for alleged failure to pay wages, including minimum and overtime wages, are barred to the extent they seek to recover wages for work that Defendants did not suffer or permit them to perform, or that was not performed while under the direction and control of Defendants. The claims are also barred because Defendants did not employ

///

Plaintiff and/or the putative class, directly or jointly, as Plaintiff and/or the putative class were independent contractors.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (No Joint Liability)

The claims by Plaintiff and/or the putative class are barred because Defendants are separate, distinct, and independent entities that cannot be held jointly and/or severally liable for any misconduct alleged in the Complaint.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (No Knowledge)

The claims by Plaintiff and/or the putative class for alleged failure to pay wages, including minimum and overtime wages, are barred to the extent the individual(s) performed work without Defendants' actual or constructive knowledge.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Not Unpaid Wages)

The claims by Plaintiff and/or the putative class premised on an alleged failure to provide meal and rest periods do not support an award of unpaid wages, or any other recovery based on an award of unpaid wages, because an action under Labor Code § 226.7 is not an action to recover unpaid wages. (*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal. 4th 1244.)

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Lack of Manageability)

Plaintiff's class claims are barred because they are not manageable or would otherwise fail to satisfy the standards applicable to class claims. (*See, e.g., Brown v. Am. Airlines, Inc.*, 2015 WL 6735217, at *3-4 (C.D. Cal. Oct. 5, 2015); *Ortiz v. CVS Caremark Corp.*, 2014 WL 1117614, at *3-4 (N.D. Cal. Mar. 19, 2014).)

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (No Retroactivity)

In May 2018, the California Supreme Court adopted a new test to govern the question of whether a person is an independent contractor for the limited purpose of California's Wage Orders.

ANSWER TO CLASS ACTION COMPLAINT          Exhibit 2, Page 10 of 14

1   *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018). The ABC test represents a

2   significant departure from prior law. Thus, *Dynamex* should not be applied retroactively for due

3   process reasons. Instead, California's longstanding test for misclassification under *S.G. Borello &*

4   *Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341 (1989) should be applied.

5                          **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

6                             **(Dynamex Only Applies to Wage Orders)**

7          Plaintiff's claims for unreimbursed expenses, unlawful deductions, waiting time penalties,

8   and inaccurate wage statements do not arise under the Wage Orders but are instead premised on the

9   Labor Code. *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018) facially does

10  not apply beyond claims brought under the Wage Orders. California's test under *S.G. Borello &*

11  *Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341 (1989) applies to these claims.

12                         **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

13                                   **(Additional Defenses)**

14         Defendants reserve their right to amend or add additional affirmative defenses as they become

15  known through the course of investigation and discovery.

16                                         **PRAYER**

17         WHEREFORE, Defendants pray for judgment:

18         1.      That Plaintiff and/or putative class take nothing by the Complaint on file herein, and

19  that the Complaint be dismissed with prejudice;

20         2.      That judgment be entered in favor of Defendants;

21         3.      For costs of suit incurred herein, including reasonable attorney fees where available;

22  and

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    4.    For such other and further relief as the Court may deem just and proper.

2

3    DATED:  February 8, 2019                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                 STEWART, P.C.
4

5

6                                                By: _____
                                                     Spencer C. Skeen
7                                                    Marlene M. Moffitt
                                                     Tim L. Johnson
8                                                    Attorneys for Defendants

9                                                                        37235070.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO CLASS ACTION COMPLAINT          Exhibit 2, Page 12 of 14

**PROOF OF SERVICE**
*Fatemeh Abtahi v. World Financial Group, et al.*
San Diego Superior Court Case No.  37-2018-00065683-CU-OE-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made.  My business address is 4370 La Jolla Village Drive, Suite 990, San Diego, California 92122.

On February 8, 2019, I served the following document(s):

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒ **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 4370 La Jolla Village Drive, Suite 990, San Diego, California 92122.

☐ **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Los Angeles, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

☐ [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):

☐ [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached

service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY PERSONAL SERVICE:** I caused to be delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Addressee(s)

Malte Farnaes
Christina Lucio
Farnaes & Lucio, APC
2235 Encinitas Blvd., Suite 210
Encinitas, CA 92024
(760) 942-9430 / Fax: (760) 452-4421
Attorneys for Plaintiff Fatemeh Abtahi

David Rosenberg
Chad F. Edwards
Rosenberg, Shpall & Zeigen, APLC
750 B Street, Suite 3210
San Diego, CA 92101
(619) 232-1826 / Fax: (619) 232-1859
Attorneys for Plaintiff Fatemeh Abtahi

☒ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 8, 2019, at San Diego, California.

Erika Schmidt
_____
Type or Print Name

_____
Signature

37118889.1

2